**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

BOBBY N. MCCARTY                                                                   **PLAINTIFF**

VS.                                                     **Civil Action No. 3:06-CV-177-HTW-LRA**

CANADIAN NATIONAL/
ILLINOIS CENTRAL RAILROAD                                          **DEFENDANT**

## <u>ORDER GRANTING SUMMARY JUDGMENT</u>

Before the court is a motion for summary judgment, filed by defendant Illinois

Central Railroad Co., brought pursuant to Rule 56 (b)[1] and (c)[2] of the Federal Rules of

Civil Procedure [docket # 54].  Having considered the arguments of counsel, the briefs

of the parties and the record, this court concludes that the motion should be granted.

### I.      Factual and Procedural Background

Plaintiff Bobby N. McCarty, a former employee of Illinois Central Railroad

("Illinois Central"), filed a complaint under the Federal Employers Liability Act ("FELA"),

---

[1]Fed.R. Civ. P. 56 (b) provides: A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the parties favor as to all or any part thereof.

[2]Fed.R.Civ.P.56 (c) provides in pertinent part: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Title 45 U.S.C. § 51,[3] to recover damages for workplace injuries.  According to plaintiff,

he developed carpal tunnel syndrome[4] in the performance of routine tasks associated

with his employment for Illinois Central.  Seeking to hold his former employer liable for

his injuries, plaintiff charges that Illinois Central was negligent in failing to provide him

with a reasonably safe place to work.

Plaintiff was hired by the Gulf Mobile & Ohio Railroad in January 1963.  In 1972,

McCarty began working for Illinois Central when it merged with Gulf Mobile & Ohio

Railroad.  Plaintiff worked various jobs with Illinois Central's track department during his

tenure with the company.  In 1997, three years before becoming a track inspector,

McCarty was diagnosed with Reiter's Syndrome, and later rheumatoid arthritis,

systematic polyarthritis, and tenosynovitis.

Reiter's Syndrome is a non-work related disease that is a known cause of

arthritis.  Rheumatoid arthritis is a chronic systemic arthritic disease marked by the

inflammation of multiple synovial joints. (Exhibit # 1).  Rheumatoid arthritis and

tenosynovitis are known causes of carpal tunnel syndrome.  Carpal tunnel syndrome is

caused by rheumatoid arthritis or tenosynovitis when the synovial membrane in the

---

[3]The Federal Employees' Liability Act ("FELA") (45 U.S.C. A. § 51) provides in pertinent part: Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect on insufficiency, due to its negligence, in its cars, engines, appliances, machinery . . . or other equipment.

[4] Carpal tunnel syndrome.  A condition resulting from pressure on the median nerve as it traverses the carpal tunnel (a deep space in the palmar or palm surface of the wrist); usually by fibers of the traverse carpal ligament.  The condition is characterized by pain, tingling, burning, numbness, etc.  in the areas supplied by the nerve, i.e., in the skin of the palm, fingers, wrist, etc.  There may also be swelling of the muscles of the hand, especially those at the based of the thumb.  1 Schmidt's Attorney's Dictionary of Medicine, (MB) No.28, at C-76 (Feb. 1995).

wrist swells causing pressure on the median nerve through the carpal tunnel.  (Exhibit ## 1, 4, and 5).

McCarty was promoted to the position of track inspector in 2000.  McCarty first developed symptoms of carpal tunnel syndrome in November 2001 while working as a track inspector.  This was approximately thirty-nine years after going to work for Illinois Central and over four years after being diagnosed with Reiter's Syndrome.  On February 26, 2002, McCarty retired from Illinois Central.  Later, on March 6, 2002, McCarty applied for sickness benefits through the United States Railroad Retirement Board ("RRB").

The application reflects that he did not apply for sickness benefits because of any on-duty injury or work-related illness; rather, the medical condition upon which he relied for RRB benefits was "bilateral carpal tunnel syndrome."  McCarty swore under the penalty of perjury that his carpal tunnel syndrome, the injury he alleges in this lawsuit, was not a work-related condition and that he did not intend to file suit for that condition.  McCarty further stated that he did not expect to file a claim against any person or company for personal injury.  The medical condition upon which he applied for RRB benefits was "bilateral carpal tunnel syndrome."

## II.    Standards

### A.    Summary Judgment

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact.  *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 251,106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corporation v. Catrett,* 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martinez v. Schlumberger, Ltd.,* 338 F.3d 407, 411 (5th Cir. 2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.,* 310 F.3d 870, 877 (5th Cir. 2002). "A fact is 'material' if it 'might affect the outcome of the suit under governing law.'" *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001). The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corporation,* 477 U.S. at 322-23; *Anderson,* 477 U.S. at 257; *Matsushita Electric Industrial Company v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.,* 98 F.3d 179, 181 (5th Cir. 1996); *Brown v. City of Houston,* 337 F.3d 539, 540 (5th Cir. 2003); *Daniels v. City of Arlington,* 246 F.3d 500, 502 (5th Cir.), *cert. denied,* 534 U.S. 951, 122 S.Ct. 347, 151 L.Ed.2d 262 (2001). Furthermore, only reasonable inferences can be drawn from the evidence in favor of the nonmoving party. *Eastman Kodak Company v. Image Technology Services, Inc.,* 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). "If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468-69. The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere

4

existence of some alleged factual dispute, or "only a scintilla of evidence." *Anderson,* 477 U.S. at 247-48; *Hart v. O'Brien,* 127 F.3d 424, 435 (5th Cir.1997), cert. denied, 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown,* 337 F.3d at 540; *Bridgmon v. Array Systems Corporation,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir.), *cert. denied,* 537 U.S. 950, 123 S.Ct. 386, 154 L.Ed.2d 295 (2002). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corporation,* 477 U.S. at 322.

**B.    FELA**

FELA provides the exclusive remedy for a railroad employee injured as a result of his employer's negligence. See, e.g., *Wabash R.R. Co. v. Hayes*, 234 U.S. 86, 89, 34 S.Ct. 729, 58 L.Ed. 1226 (1914); *Janelle v. Seaboard Coast Line R.R. Co.*, 524 F.2d 1259, 1261 (5th Cir.1975). In order to establish a claim under FELA, a plaintiff is required to prove the traditional common law elements of a negligence action, namely: negligence on the part of the employer, causation, and damages. *Armstrong v. Kansas City Southern R. Co.*, 752 F.2d 1110, 1113 (5th Cir.1985). "The test is not whether the tools to be used and the place in which the work is to be performed are absolutely safe, nor whether the employer knew the same to be unsafe, but whether or not the employer has exercised reasonable care and diligence to make them safe." *Atlantic Coast Line*

*R. Co. v. Dixon*, 189 F.2d 525, 527 (5th Cir.1951).  Likewise, the employer is not required to furnish the employee the latest, best, or perfect appliances with which to work, or to discard standard appliances already in use upon the discovery of later improvements, provided those in use are reasonably safe and suitable. *Id*.  Moreover, if "the proofs justify with reason the conclusion that employer negligence played "any part, even the slightest, in producing the injury or death for which damages are sought," the question must go to the jury.  *Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).  Despite plaintiff's relaxed burden, FELA is not a strict liability statute and a workplace injury alone is not sufficient to establish negligence. *Kuberski v. New York Cent. R.R. Co.*, 359 F.2d 90, 93 (2nd Cir. 1966).  Even under FELA "[s]peculation cannot supply the place of proof," and some proof of negligence by defendant is required.  *Moore*, 340 U.S. at 578.

### III.    Analysis

McCarty alleges Illinois Central negligently failed to provide McCarty with adequate equipment, manpower and/or education to do his job safely.  On liability and negligence, plaintiff offered the testimony of Dr. Michael Shinnick, an ergonomist, and Dr. William Thomas, plaintiff's treating physician.

Dr. Shinnick's proposes to testify that Illinois Central "should have known of the occupational risk factors for carpal tunnel syndrome so that the company could have taken ergonomic steps to prevent its employees from developing occupational carpal tunnel syndrome."  As previously discussed in this court's order excluding his testimony [docket # 78], Dr. Shinnick's theory fails because he did not produce any evidence to

explain the amount of pressure or repetition necessary to cause plaintiff's injuries.

Likewise, Dr. Thomas's proposed testimony opines that plaintiff's work activities caused his carpal tunnel syndrome.  The court, however, has determined that Dr. Thomas's conclusions could only be characterized as his own subjective beliefs as to the cause of McCarty's carpal tunnel syndrome.  Therefore, this court prohibits Dr. Thomas from offering his opinion as to causation or liability.  Dr. Thomas instead is permitted to testify and explain only his diagnosis of plaintiff's condition and offer his opinion that the treatment afforded plaintiff was reasonable and necessary.

McCarty's treating rheumatologist, Dr. Graciela Alarcon, testified to a reasonable degree of medial probability, that McCarty's carpal tunnel syndrome was the result of his systematic rheumatoid arthritis and not his work activities.  Defendant's medical expert, Dr. Guy T. Vise, Jr., has stated under oath that McCarty's carpal tunnel syndrome was caused by his pre-existing rheumatoid arthritis, polyarthritis, Reiter's Syndrome, and tenosynovitis, and not by his work activities with Illinois Central.  In light of the foregoing, Illinois Central argues that McCarty now cannot make the requisite showing of negligence.

This court agrees.  Plaintiff's complaint, deposition testimony, and his brief in opposition to defendant's motion for summary judgment fairly understood, do not offer any proof that Illinois Central failed to provide plaintiff with a reasonably safe work environment.  Plaintiff's experts agree that there is no threshold level above which such factors are likely to cause carpal tunnel syndrome or below which carpal tunnel syndrome will likely be avoided.  Plaintiff simply offers mere speculation that his injury could have been avoided.  The following excerpts taken from plaintiff's deposition

testimony aid the court in reaching this conclusion:

Q.   What do you claim the railroad did or didn't do that caused or contributed to your carpal tunnel syndrome?

A.   I think that had we been informed or had I been informed of the possibility of carpal tunnel syndrome and made aware of things that I could do to help prevent that injury, it would have been very helpful and possibly even eliminated the need for surgery. I'm just basing that on an assumption that the railroad industry has known about that for some time.  And I didn't know about it.  We never discussed it in safety meetings or anything of that nature.  (Exhibit "B # 2", pages 180-182).

Q.   Okay. Well, what would you have done differently if somebody had told you about carpal tunnel syndrome?

A.   I would have probably tried to be more conscious of using the tools exactly correct and also try to have the help that I needed to do particular jobs and – and take more frequent breaks and maybe pass the chores around to different guys. (Exhibit "B # 2", pages 189-191).

Q.   Okay.  What led you to assume the railroad knew or should have known the cause of carpal tunnel syndrome and that the railroad didn't notify its employees about it?

A.   This is just my personal assumption.  (Exhibit "B # 2" pages 189-191).

This speculation, however, cannot serve as evidence that defendant negligently failed to provide a reasonably safe working environment.  So, although other alternative methods or tools and aids may have been available to McCarty to perform his duties as

8

a trackman, the mere existence of other alternatives does not establish negligence on the part of the railroad. See *Stillman v. Norfolk & Western Ry. Co.*, 811 F.2d 834, 838 (4th Cir.1987), especially where such aids are not necessary for an employee to perform the job safely.  Plaintiff has failed to produce any admissible evidence that the work activities of a railroad track inspector caused carpal tunnel syndrome.  Under the evidence here submitted, a reasonable jury could only conclude that defendant fulfilled its duty to provide McCarty with a reasonably safe workplace.

Therefore, the court concludes that plaintiff has failed to show that a genuine issue of material fact exists as to whether the railroad's negligence was, in whole or in part, the cause of plaintiff's carpal tunnel syndrome.

### IV.  Conclusion

Accordingly, this court hereby grants the motion of defendant Illinois Central Railroad Company for summary judgment pursuant to Rule 56 (b) and (c) of the Federal Rules of Civil Procedure.  The court will enter a separate judgment in accordance with the local rules.

**SO ORDERED**, this the 26th day of March, 2008.

**s/ HENRY T. WINGATE**
 **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-cv-177 HTW-LRA
Order Granting Summary Judgment